IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                      ORDER

       v.                                   03-CR-91-C-01

DUSTIN GERALD SACHSENMAIER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Dustin Gerald Sachsenmaier's supervised release was held on February 15, 2011, before U. S. District Judge Barbara B. Crabb.  The government appeared by Assistant U.S.  Attorney Peter M. Jarosz.  Defendant was present in person and by attorney William Jones.  Also present was U. S. Probation Officer Rhonda K. Frank-Loron.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on December 10, 2003, following his conviction for conspiracy to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).  This offense is a Class C felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a 46-month term of imprisonment, followed by a 36-month term of supervised release.

Defendant began his term of supervised release on January 4, 2008.

On December 22, 2010, defendant violated Special Condition No. 4, requiring him to abstain from the use of alcohol, when he consumed alcohol at the Five O'Clock Club in Eau Claire, Wisconsin.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violation warrants revocation. He has a criminal history category of III. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 5 to 11 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. A sentence below the advisory guideline range is sufficient to hold defendant accountable for his behavior, protect the community and deter him from future criminal behavior. In structuring this sentence, I have considered the time defendant has been in state custody for conduct that resulted in

his federal revocation.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 10, 2003, is REVOKED. Defendant was incarcerated in state custody from December 29, 2010, until February 3, 2011 and has been in federal custody since February 3, 2011. A sentence of 23 days' custody is imposed with credit for time served in federal custody. No term of supervised release shall follow.

Entered this 15th day of February 2011.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge